### ESTELL BEELER v. THE STATE.

No. 14610.   Delivered December 23, 1931.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

Appellant's chief complaint is the refusal of his application for continuance. The only witness to the transaction involved herein was the alleged purchaser of the intoxicating liquor. Condensing the material parts of his testimony, he said he bought a half pint of whisky from appellant, the transaction taking place upstairs in the Carlsbad rooming house. The witness testified "He delivered it just at the right, at the head of the stairs in the hallway. I paid him a dollar and a half for it." The witness further testified that he made a deal with appellant at the time to deliver him a pint of whisky at the same place at about six o'clock on the same day. He said he went back at six o'clock and saw appellant at the same place in the Carlsbad rooms, "right at the head of the stairs". He said he asked appellant if he had the liquor and appellant "delivered

it to me, and I paid him two dollars". It was in testimony from several witnesses, and appears undenied, that the stairs leading from the street to the upstairs Carlsbad rooming house were very old and made a good deal of noise when any one ascended or descended. It was also in testimony that just at the head of the stairs was the office or room occupied by those who had charge of said rooming house. Appellant made an application in due time, showing proper diligence, for a subpoena for Miss Ira Tucker, setting up that it was a first application, and that the testimony of the witness was material in that she would swear that on the day claimed by the state as that of said purchase and sale of whisky, the absent witness was on duty in the lobby of said rooming house at and near the head of said stairs at the hours of said day claimed by the state witness as those of his purchases of said intoxicating liquor, and that she would testify, if present, that said state witness did not come up said stairs and have any talk or conversation or business transaction with appellant near the head of said stairs, and that she knows of her own personal knowledge that said state witness did not come to said place on said date and purchase any whisky from the defendant. There can be no question of the materiality of said testimony.

The state controverted the application for continuance, setting up the fact that a complaint for theft had been filed against said absent witness on the 12th of March, 1931, on which day a warrant of arrest was issued and placed in the hands of the constable, who went to the residence of said Miss Tucker, and that she could not be found, and that the constable had diligently sought for her without success, and that she was at the time the application for continuance was made, a fugitive from justice. The record shows that the indictment herein was returned March 10, 1931. It is set up in the application for continuance that appellant was arrested on the 11th of March and placed in the county jail of Palo Pinto county; that he made bond on the 14th of March, and had subpoenaes issued on the same day for the witness Tucker whose residence was therein stated to be at Mineral Wells, Palo Pinto county. It was further stated in said application for continuance that the witness had not been summoned. In the affidavit of said witness, attached to the motion for new trial, in addition to stating her testimony, if present, as set out in the application, she set up that she was at said roming house the day appellant was arrested on this charge, taken to Palo Pinto, and placed in jail, and that the next morning she took two bail bonds which had been prepared for appellant and left at said rooming house, and started to Abilene, Texas, for the purpose of having said bonds signed; that on her way she passed through the city of Palo Pinto, and went to the jail and had a conversation there with appellant, and then went on to Abilene where she secured the signatures of the bondsmen to said bonds, and returned them to the proper officers at Palo Pinto. That in con-

versing with appellant at the jail she informed him that as soon as she secured the bondsmen, she would return to Mineral Wells, this apparently being intended as showing why subpoenaes issued for said witness were directed to Palo Pinto county.

The witness further stated in said affidavit that at Abilene she learned for the first time that her sister living in Big Spring, had been seriously burned, and that witness at once went to Big Spring. She further said that from Big Spring she went by San Angelo and back to Abilene, reaching said last named city on March 18th, where she learned for the first time that appellant's case had been called for trial in Palo Pinto. In reference to the matter of the charge filed against her for theft of hose, in the county court of Palo Pinto county, the witness stated in her affidavit that some traveling man staying at the Carlsbad rooming house had lodge a complaint that he had lost five pairs of hose while stopping at said rooming house, but, according to the affidavit, said hose were found in the room of another person, and no complaint was then lodged against witness. She further said that, when she left Mineral Wells, she did not know that a complaint had been made against her, and knew nothing of the issuance of any capias for her, nor that she was wanted in Mineral Wells to answer to any criminal charge.

The motion for new trial was presented and acted upon by the trial court on March 25, 1931, something like six weeks after the trial. We find nothing in the record indicating that the court heard evidence at that time from which it was made evident that said witness was still beyond the jurisdiction of the court, or that she was then a fugitive from justice, and we are left in the dark on this proposition.. The bill of exception complaining of the overruling of the application for continuance is approved with the qualification, in substance, that the court was informed by officers that said witness had not been apprehended up to the date of the hearing, stated in the qualification to be the 25th of May, it being evident that the date named is incorrect in as much as the trial term of the court below adjourned on April 25th, and the order overruling the motion for new trial appears to be dated March 25th. The court further states in his qualification that he is of opinion that if the witness had appeared and testified she would have done more harm to appellant than good, because she would have been asked some questions which would have been admissible as affecting her credbility and motive, which would not have helped out in this cause. We doubt the right and power of the court below to speculate in this manner as to questions which might have been asked the witness had she been present, and to rely upon the probable effect of such hypothetical questions to support any conclusion that the result of the trial would not have been affected by the testimony, had the witness been present and given the testimony set out in the application for continuance. It appearing positive from the affidavit that the

witness if present would give testimony which, if true, would negative the state's theory in this case, and there being no question as to the diligence used to secure the attendance of the witness, we think that a new trial should have been granted, or that the record should have shown by testimony heard, what efforts had been made to locate and apprehend the absent witness subsequent to the date of trial so that this court might have known by satisfactory evidence that the witness was in truth a fugitive from justice. The witness having made affidavit that she would testify as set out in the application for continuance, this made the question of the truth of such testimony one for the jury, and there being no such surrounding or supporting testimony of the state witness offered as would appear to render it improbable or unlikely that the jury might have been influenced or affected by the absent testimony had it been present, it is our opinion that said motion for new trial should have been granted.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*